IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Rivera, # 318979, ) | C/A No. 8:16-206-JMC-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Bryan P. Stirling, Director, ) | |
| Joseph McFadden, Warden, ) | |
| Mendie Disbrow, I.G.C., ) | |
| Betty Thomas, I.G.C., ) | |
| Mecah Hill, I.G.C., ) | |
| ) | |
| Defendants. ) | |

Kenneth Rivera ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at McCormick Correctional Institution ("McCormick"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Liberally construed, Plaintiff alleges the following facts. He was previously incarcerated at Lieber Correctional Institution ("Lieber"). [Doc. 1.] He was assigned a grievance coordinator, like every inmate, and his was Betty Thomas. [*Id.*] Mendie Disbrow repeatedly intercepted Ms. Thomas's mail and interfered with Plaintiff's grievances. [*Id.*] On September 9, 2015, Plaintiff submitted a "request to staff" document to Mecah Hill about interfering with his grievances. [*Id.*; Doc. 1-1 at 14.] As a result, Plaintiff was charged with threatening to inflict harm on an employee. [Doc. 1; Doc. 1-1 at 23.] It appears that on October 1, 2015, Plaintiff was found guilty of that charge. [Doc. 1-1 at 24–32.]

On October 2, 2015, Plaintiff submitted a request to staff to Mecah Hill "addressing the threatening to inflict disciplinary charge that she charged [him] with." [Doc. 1.] "Ms. Disbrow intercepted Ms. Hill correspondence and tried to charge him with" solicit. [*Id.*] On October 5, 2015, Plaintiff filed a grievance on Mendie Disbrow because she had threatened him with a disciplinary charge. [Doc. 1; Doc. 1-1 at 20.] On several dates, Plaintiff "was attempting to litigate his conditions of confinement by filing grievances," but Ms. Disbrow "will not process them." [Doc. 1.] Plaintiff complained to Warden Joseph McFadden about grievance coordination, and McFadden stated "'you will never win a grievance.'" [*Id.*]

Based on these facts, Plaintiff alleges that Defendants are continuously threatening him to stop litigating. [*Id.*] He alleges Defendants have violated his First Amendment right to redress grievances. [*Id.*] He alleges Defendants have violated the law by intercepting his grievances, failing to process them, retaliating against him, and threatening him with disciplinary charges. [*Id.*] To the Complaint, Plaintiff attached copies of several request to staff member, grievances, and the responses that he received. [Doc. 1-1.] He seeks damages and a declaration that his constitutional rights were violated. [Doc. 1.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff

is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's Complaint should be dismissed for failure to allege a claim on which relief may be granted.  He does not allege a plausible violation of his constitutional rights.  Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact).  "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

Plaintiff seems to contend that Defendants violated his constitutional right to redress grievances under the First Amendment by failing to properly respond to or process his prison requests and grievances.  However, it is well settled that an inmate's access to and

participation in a prison's grievance process is not constitutionally protected. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Taylor v. Lang*, 483 F. App'x 855, 858 (4th Cir. 2012); *Sweat v. Harell*, C/A No. 9:09-2040-HFF-BM, 2009 WL 3334451, at *3 (D.S.C. Oct. 15, 2009). Thus, if Defendants improperly responded to Plaintiff's requests and grievances, such conduct does not violate the Constitution.[1]

Plaintiff also seems to allege illegal retaliation in violation of the Constitution based on Defendants' alleged threatening to bring disciplinary charges against him if Plaintiff continues to litigate. A review of the Complaint reveals that Plaintiff is referring to his attempts to litigate by using the prison grievance process.[2] Such an allegation fails to state a plausible claim. To state a retaliation claim, a plaintiff must allege that the retaliatory act was taken in response to the exercise of a constitutionally protected right *or* that the act itself violated a constitutional right. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *McFadden v. Lewis*, 517 F. App'x 149 (4th Cir. 2013). Here, Plaintiff's allegation that Defendants have threatened to bring, and have brought, disciplinary charges against him—the act itself—does not itself violate the Constitution. And, Plaintiff's filing of prison grievances and proceeding through the grievance process is not the exercise of a

---

[1]This Court has explained in Plaintiff's prior actions that there is no constitutional right to participate in a prison grievance process. *See, e.g.*, Order, *Rivera v. Byars*, C/A No. 8:12-3214-JMC (D.S.C. Oct. 24, 2013), ECF No. 40; *see also* Report and Recommendation, *Rivera v. Stirling*, C/A No. 8:15-3650-JMC-JDA (D.S.C. Nov. 4, 2015), ECF. 16; *see also* Report and Recommendation, *Rivera v. Bodiford*, C/A No. 8:15-3272-JMC-JDA (D.S.C. Sept. 30, 2015), ECF. 10.

[2]Plaintiff does not in any way point to an example where Defendants interfered with his right of access to the courts.

constitutionally protected right.  Therefore, Plaintiff does not state a plausible retaliation claim.

Moreover, to the extent Plaintiff may be seeking to expressly or implicitly vacate his October 1, 2015, disciplinary conviction of threatening to harm an employee, he cannot do so in this § 1983 action.  He has not alleged that the disciplinary conviction has been reversed or vacated.[3]  Pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997), an inmate's claim for declaratory relief that necessarily implies the invalidity of the disciplinary conviction and punishment is not cognizable pursuant to § 1983 where the disciplinary conviction has not been invalidated.  *See Edwards v. Balisok*, 520 U.S. 641, 648-49 (1997); *Bryan v. SCDC*, C/A No. 3:08-846-RBH-JRM, 2009 WL 3166632 at *5 (D.S.C. Sept. 29, 2009) (noting that a plaintiff cannot maintain a § 1983 action for injunctive relief related to a disciplinary hearing where a judgment in his favor would necessarily imply the invalidity of the outcome of the disciplinary proceeding).  Therefore, Plaintiff is barred from bringing such a claim by the holdings in *Heck* and *Edwards*.

Lastly, this action also may be dismissed based on frivolousness.  Plaintiff has been advised in prior lawsuits decided by this Court that an inmate's access to and participation in a prison's grievance process is not constitutionally protected.  *See supra*, footnote 1. Thus, Plaintiff should know that this lawsuit has no arguable basis in law, and it is frivolous because he seeks to litigate that meritless claim again.  *See Nagy v. FMC Butner*, 376 F.3d

---

[3]Plaintiff seems to allege that he appealed the disciplinary conviction by filing a grievance on October 5, 2015, and the grievance was denied on January 7, 2016. [Doc. 1 at 5.] He then appealed the January 7, 2016, denial. [*Id.*]  The Court presumes Plaintiff had not learned the final decision as of the date he completed the Complaint.

6

252, 256–57 (4th Cir. 2004) (explaining that "[t]he word 'frivolous' is inherently elastic and 'not susceptible to categorical definition.'"); *Worley v. Keller*, 475 F. App'x 484 (4th Cir. 2012) (a suit is frivolous if it lacks an arguable basis in law or fact).

### **RECOMMENDATION**

It is recommended that the District Court dismiss this action *with* prejudice for failure to state a claim on which relief may be granted and frivolousness, and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

It is further recommended that this action be designated a "strike" pursuant to 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391, 393 (4th Cir. 2009) (explaining that only a dismissal with prejudice for failure to state a claim can count as a strike).

**Plaintiff's attention is directed to the important notice on the next page.**

February 24, 2016                                                s/Jacquelyn D. Austin
Greenville, South Carolina                              United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).